PROB 12C  
(06/17)

June 10, 2024  
pacts id: 8666553

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Victor Abraham Ruiz James (English)  **Dkt. No.:** 23CR01870-001-~~CAB~~ BAS ~~XXX~~

2:25-mj-00164-NJK

**Reg. No.:** 09630-506

**Name of Sentencing Judicial Officer:** The Honorable Cynthia Ann Bashant, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(2)(B)(iii), Bringing in Aliens Without Authorization, a Class C felony

**Date of Sentence:** April 8, 2024

**Sentence:** Time served (238 days); three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** April 8, 2024

**Asst. U.S. Atty.:** Syeda Sarah Akhtar    **Defense Counsel:** Scott Pactor (Appointed) (619) 260-2636

**Prior Violation History:** None.

---

### PETITIONING THE COURT
### TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

| | |
|---|---:|
| Name of Offender: Victor Abraham Ruiz James | June 10, 2024 |
| Docket No.: 23CR01870-001-CAB̶X̶X̶X̶ BAS | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Standard Condition)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 1. On or about May 24, 024, Victor Abraham Ruiz James failed to report to the U.S. Probation Office, as instructed. |
| **(Standard Condition)** After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. | |

***Grounds for Revocation:*** As to Allegation 1, on May 21, 2024, Mr. Ruiz James was directed to report to the probation office on May 24, 2024, to which he replied he understood. However, on the above date, Mr. Ruiz James failed to report to the probation office, as instructed.

| | |
|---|---|
| **(Standard Condition)** The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 2. On or about May 7, 2024, Victor Abraham Ruiz James changed his place of residence without notifying the probation officer, as required. |

***Grounds for Revocation:*** As to Allegation 2, on the above date, the probation officer was notified that Mr. Ruiz James had left his residence. On May 10, 2024, the undersigned spoke with Mr. Ruiz James, who confirmed he changed his residence and refused to disclose his whereabouts.

PROB12(C)
Name of Offender: Victor Abraham Ruiz James                                June 10, 2024
Docket No.: 23CR01870-001-CAB   ~~XXX~~ BAS                                          Page 3

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

In April of 2024, Mr. Ruiz James reported for supervision. After his initial report, Mr. Ruiz James expressed his intention to relocate to the District of Nevada to live with his grandmother, Ms. Recinos. He provided her address and contact information. During a conversation with Ms. Recinos, the undersigned confirmed the address. In addition, Ms. Recinos assured cooperation with the probation office in the District of Nevada. Consequently, Mr. Ruiz James was permitted to leave San Diego and reside with Ms. Recinos while the relocation investigation was conducted, a process expected to take approximately 30 days. Mr. Ruiz James was informed that if the relocation request is denied by the District of Nevada's probation office, he would have to return to San Diego. Mr. Ruiz James acknowledged this condition.

On May 8, 2024, the undersigned received a letter denying the relocation request. The letter further noted on April 22, 2024, an attempted home inspection at Ms. Recinos' residence was hindered by a roommate's refusal to cooperate with probation. Following this, on April 23, 2024, the probation officer met with Mr. Ruiz James to discuss alternative housing option, including residing at the Residential Re-entry Center (RRC). Mr. Ruiz James agreed to this alterative and signed a waiver modifying his conditions.

On May 7, 2024, Ms. Recinos informed the District of Nevada's probation office that Mr. Ruiz James left her residence. Subsequently, Mr. Ruiz James ignored all forms of communications from the District of Nevada's probation office.

On May 10, 2024, the undersigned spoke with Mr. Ruiz James, confirming his departure from his grandmother's residence. He refused to disclose his whereabouts. On the same day, Mr. Ruiz James was instructed to return to San Diego by May 13, 2024, but failed to do so. When contacted on May 13, 204, Mr. Ruiz James claimed he lacked funds for a train ticket, stating he would receive payment on May 17, 2024, and would use the funds to return to San Diego. Therefore, Mr. Ruiz James was instructed to report to the probation office on May 21, 2024.

Despite instructions, Mr. Ruiz James failed to report the probation office on May 21, 2024. When contacted, he indicated lack of identification as the reason for his inability to travel. The undersigned informed Mr. Ruiz James that a probation ID was created for him and emailed to him. He was again instructed to report to the probation office by May 24, 2024. Although the ID was emailed on May 22, 2024, Mr. James Ruiz failed to comply. Presently, Mr. Ruiz James's whereabouts remains unknown, and he continues to disregard communication attempts from the undersigned.

Based on the above, Mr. Ruiz James's adjustment to supervision is deemed poor.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

For the duration of his supervision, Mr. Ruiz James claimed he was working as a car washer for a car dealership in Las Vegas, Nevada. Mr. Ruiz James does not have any criminal history.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (changed residence without notifying the probation officer, failed to report to the probation office, and failed to follow the probation officer's instructions) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 months'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

In light of Mr. James Ruiz's unknown whereabouts and noncompliance conduct, he not only presents a flight risk but also a risk to himself and the community. Therefore, a warrant is requested to gain his presence before the Court.

### RECOMMENDATION/JUSTIFICATION

Mr. James Ruiz has breached the Court's trust and violated the conditions of supervised release. Despite numerous attempts, Mr. James Ruiz has willfully ignored the probation officer's directive and failed to make himself available for supervision.

Should the Court sustain the violations alleged herein, it is recommended supervised release be revoked. Based on Mr. James Ruiz's noncompliance, a sentenced of three months' custody, followed by 30 months' supervised release is recommend. Furthermore, a non-punitive residential reentry center (RRC) condition is recommended to assist Ms. James Ruiz with his transition into the community.

PROB12(C)

| | |
|---|---|
| Name of Offender: Victor Abraham Ruiz James | June 10, 2024 |
| Docket No.: 23CR01870-001-CAB ~~XXX~~ BAS | Page 5 |

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** <u>June 10, 2024</u>

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by *[signature]*
Peshwar Doski
U.S. Probation Officer
(619) 557-5332

Reviewed and approved:

*[signature]*
Marc W. Ryan
Supervisory U.S. Probation Officer

mac

PROB12CW                                                                                                June 10, 2024

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Ruiz James, Victor Abraham

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 23CR01870-001-CXXB BAS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | **Violation(s)** | **Grade** |
   |---|---|
   | failed to report to the probation office | C |
   | failed to follow the probation officer's instructions | C |
   | changed residence without notifying the probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                     [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [  3 to 9 months  ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | Restitution ($) | _____ | Community Confinement | _____ |
   |---|---|---|---|
   | Fine($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Victor Abraham Ruiz James | June 10, 2024 |
| Docket No.: 23CR01870-001-CAB BAS | Page 7 |

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____  
The Honorable Cynthia Ann Bashant  
U.S. District Judge

6/11/2024  
Date

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br><br>V.<br><br>Victor Abraham Ruiz James (1) | **WARRANT FOR ARREST**<br><br>Case Number: 23cr01870-BAS-1<br><br>**NOT FOR PUBLIC VIEW** |

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest     Victor Abraham Ruiz James (1)
                                                                                                     Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☐ Order of Court  ☐ Violation Notice  ☒ Probation Violation Petition
                                                                                                          ☐ Pretrial Violation

charging him or her with (brief description of offense):



In violation of Title    See Above    United States Code, Section(s) _____

John Morrill                                          Clerk of the Court
Name of Issuing Officer                        Title of Issuing Officer

s/ G. Vocal                                           06/11/2024, San Diego, CA
Signature of Deputy                             Date and Location

Bail fixed at $    No Bail            by    The Honorable Cynthia Bashant
                                                                 Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |